UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HONORIO AGUAYO GUTIERREZ,

      Petitioner,

v.                                        Case No. 3:26-cv-254-MMH-MCR

RONNIE WOODALL, et al.,

      Respondents.

          

## **ORDER**

### **I. Status**

Petitioner Honorio Aguayo Gutierrez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on February 8, 2026. He is proceeding on an Amended Petition (Doc. 4; Amended Petition). On March 24, 2026, the Federal Respondents (Marcos Charles, Charles Wall, Markwayne Mullin, Todd Blanche,[1] and Todd M. Lyons) filed a Response to Petition for Writ of Habeas Corpus (Doc. 12; Response). Respondent Warden Ronnie Woodall filed a Motion to Dismiss (Doc. 11; Motion to Dismiss), arguing he is not a proper respondent in this case. Gutierrez filed a counseled Reply (Doc. 13). This case is ripe for review.

          

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Gutierrez, he is a citizen of Mexico who entered the United States without inspection in or about 2006. Amended Petition at 6. On November 10, 2016, Gutierrez filed an application for asylum. Id. at 7. On December 2, 2025, U.S. Immigration and Customs Enforcement (ICE) took Gutierrez into custody at his asylum interview and initiated removal proceedings. Id. Gutierrez timely sought a custody redetermination hearing, but on January 2, 2026, the immigration judge denied his request for lack of jurisdiction. Id.

## III. Analysis

The crux of Gutierrez's claims for relief is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Amended Petition at 12-15.[2] As relief, he seeks, inter alia, immediate release. Id. at 15.

The Federal Respondents argue that this Court lacks jurisdiction over Gutierrez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 6. The Federal Respondents further recognize that this Court has previously rejected these

---

[2] Because the Court finds that Gutierrez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

same arguments in nearly identical circumstances. See id. at 3 (citing Gomez-Pena v. Sec'y, Dep't of Homeland Sec., No. 3:25-cv-1287-MMH-MCR, 2026 WL 83980 (M.D. Fla. Jan. 12, 2026); Ortiz v. Noem, No. 3:25-cv-1386-MMH-MCR, 2025 WL 3653217 (M.D. Fla. Dec. 17, 2025)).

Upon review, the Court finds that its previous opinions on these issues apply with equal force to this case. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). Indeed, the Court is satisfied it has jurisdiction over Gutierrez's claims; further administrative exhaustion would be futile; and given that Gutierrez entered the United States without inspection or parole and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and release is the appropriate remedy.[3]

Accordingly, it is

**ORDERED**:

1.     Gutierrez's Amended Petition for a Writ of Habeas Corpus (Doc. 4) is **GRANTED**. Respondents shall release Gutierrez **within 24 hours of this**

---

[3] Insofar as Gutierrez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

**Order**, subject to any previously applicable conditions of supervision, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden, Baker County Detention Center's Motion to Dismiss (Doc. 11) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, at *4-5.

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 4/27
c:
Counsel of Record

4